CASE 74—ACTION FOR APPOINTMENT OF A RECEIVER IN KENTUCKY, AND
OTHER RELIEF—DEC. 13.

# Weedon, &c. v. Granite State Provident Assn.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT OF DISTRIBUTION AND WEEDON AND OTHERS APPEAL. AF-
FIRMED.

FOREIGN RECEIVERSHIP—RIGHTS OF DOMESTIC CREDITORS—STOCK-
HOLDERS IN BUILDING AND LOAN ASSOCIATIONS NOT CREDITORS.

Held:   Persons who subscribed for stock in a building and loan asso-
ciation, and paid the regular monthly dues thereon, did not, up-
on a dissolution of the corporation by reason of insolvency, be-
come creditors, so as to entitle them to the benefit of the rule
that allows domestic creditors of a foreign corporation, placed in
the hands of a receiver in another State, to retain the assets
of the corporation in the State until their claims are satisfied.

STROTHER & GORDON, FOR APPELLANTS.

## POINTS AND AUTHORITIES.

1. Appellants insist that the charter of the corporation, The Granite
State Provident Association, shows such a multitude of different
employments and business ventures, which it was authorized
and did engage in, that it would be manifestly unjust and with-
out warrant of law to turn the funds collected in Kentucky
from debtors to the corporation in Kentucky, over to the for-
eign receiver, to be distributed among the creditors there.
There can be no mutuality among the creditors.
2. The by-laws, subscription blanks and other exhibits with the in-
tervening petition of appellee, other than the act of incorpora-
tion, are incompetent for the purposes they are attempted to be
used for in this case.
3. That it is the charter of the Granite State Provident Association
and that alone, to which the courts in this State will look, to de-
termine the powers, authority and business of the corporation.
Equitable Life Ins. Society v. Pettus, 140 U. S., Sup. Court, 226;
Beard's Exr. v. Bayse, 7 B. Mon., 144; Hitchcock v. U. S. Bank,
7 Ala., 435; Morawetz on Private Corp., sec. 964; U. S. B. & L.
Assn. v. Scott, 17 Rep., 1244.

Weedon, &c. v. Granite State Provident Assn.

4. The appellee is a receiver only and is not an assignee. As such receiver he has not the right or the power to intervene in this case under the circumstances and facts shown by the record, to take possession of the funds in this court in the manner attempted to be done in this case, or at all, against the objection and rights of creditors and citizens of this State. Johnson v. Parker, 4 Bush., 152; Cofin v. Kelling, 83 Ky., 653; Thompson's Commentaries on Corp., sec. 7338; Willetts v. Waite, 25 N. Y., 577; Cattling v. Wilcox, S. P. Co., 123 Ind., 482, 483; 18 Am. State Rep., 344; 6 Am. State Rep., 185; Hopkins v. Humphreys, 81 Cal., 554; Bagby v. Atlantic, &c. R. R. Co., 86 Pa. St., 291; Bank v. McLeod, 38 Ohio Stat.; In re, Waite, 99 N. Y. Rep., 433; Boulware v. Davis, 90 Ala., 207; Ky. Stats., sec. 2868.

Cases relied on by appellee and criticised and explained. Buswell v. Order of Iron Hall, 16 Mass., 229; Faucett v. The Iron Hall, 28 Atlantic Rep., 622; Weir v. Order of Iron Hall, 28 Atlantic Rep., 1041.

5. The court should not permit the fund in this case to be transmitted by the intervening receiver to a foreign jurisdiction against the objection and in violation of the rights of the citizens and creditors in this State. See the authorities cited above, and also Ins. Co. v. Wright & Son, 55 Vt., 550; Commercial Exchange Bank v. Foote, 58 Ills., Appellate Court Rep., 56.

6. The court erred in overruling the motion to strike out parts of the intervening petition of appellee.

7. The court erred in overruling the demurrer to the intervening petition of appellee.

8. The court erred in overruling the exceptions to the commissioner's report.

9 The court erred in ordering the fund paid over to appellee.

All of these propositions are sustained by the authorities cited above.

HARRIS & MARSHALL, Attorneys for appellee.

1. The appellants are not *creditors* as they claim to be, in their brief, but *stockholders* in the Granite State Provident Association, and they seek by this appeal to gain for themselves as *Kentucky stockholders* a preference over stockholders residing in other States.

2. There is no attachment or other lien claimed and no statute relied on, and the single question presented, is: Ought the trial court in distributing the assets of an insolvent corporation, to ●have given a preference to Kentucky stockholders?

AUTHORITIES CITED.

Blake v. McClung, 172 U. S., 239; Belfast Bank v. Stowe, 92 Fed. Rep., 100; Maynard v. Granite State, 92 Fed. Rep., 435;

Davis v. Life Assn., 11 Fed. Rep., 782; Taylor v. same, 13 Fed. Rep., 493; Rogers v. Raines, 100 Ky., 295; Irwin v. Granite State, 38 Atl. Rep., 680; Buswell v. Iron Hall, 36 N. E., 1065, (161 Mass.); Ware v. Iron Hall, 28 Atlantic, 1041; Parsons v. Charter Oak, 31 Fed. Rep., 305; Fry v. same, 31 Fed. Rep., 197.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The Granite State Provident Association was a building and loan association organized in the State of New Hampshire. In 1896, by an order and decree of the supreme court of New Hampshire, the association was adjudged insolvent, and then appointed appellee, David A. Taggart, receiver, for the purpose of liquidation and settlement. This receiver applied to the circuit court of Jefferson county this State, and had appointed an ancillary receiver for this State. This ancillary took charge of the assets in Kentucky, and the action was referred to the master commissioner for proof of claims and settlement as to the assets here. In this report by the commissioner it appears that there are two classes of claims presented before him. One purely of creditors of the association, and about which claims there is no dispute here; the other of stockholder creditors, i. e. of persons who took stock in the association, and paid monthly dues on the stock, and who have thus paid into the concern various sums of money.

The assets reported as in the hands of the ancillary receiver were, by the judgment appealed from, directed to be expended and paid out by him as follows: First, the costs of the receivership, including an allowance to his attorney; second, to the creditors the full amount of their claims proven; and then the court, ignoring the claims of the stockholder creditors, as they are styled, directed the remainder, some $11,000, to be paid over to appellee, domiciliary receiver, upon his petition being filed, claiming

same for general distribution under the laws of New Hampshire. From so much of the judgment as directs the payment of the balance to appellee, domiciliary receiver, this appeal is prosecuted by the stockholder creditors.

The only question necessary to a decision of this case is whether appellants, who subscribed for stock and paid the regular monthly dues thereon, upon dissolution, by reason of insolvency of the corporation, or inability to carry out its contracts, became creditors of the corporation, so as to entitle them to the benefit of the rule that allows creditors, citizens of this State, to retain the assets of an esate, placed in the hands of a receiver, within the jurisdiction of our courts till their claims are satisfied or the fund exhausted. The trial court adjudged that the creditors— that is, those persons admitted to be creditors— were entitled to be paid before the fund was permitted to leave the jurisdiction of our courts. As to the correctness of this ruling there is no objection presented. Indeed, this court in the recent case of Zacher v. Safety Vault Co., (59 S. W., 493), has held the law in this regard to be well settled.

Appellants contend that they come within the rule, that they are creditors, and are entitled to the same protection. We are of opinion that appellants are not creditors of the corporation, in the sense that will entitle them to be paid out of the assets in this State, and not permit the withdrawal of the fund by the domiciliary receiver.

We are of opinion that, in subscribing for stock and becoming members of this corporation, appellants assumed the same relation to the corporation that any and all other shareholders did, and are entitled to the same benefits and advantages that other subscribers, like situated, will receive, and no more. The appellants, upon the final settle-

ment of the corporation by the courts of New Hampshire, under whose laws the corporation was organized, will be entitled to their share of the assets of the defunct corporation after the expenses of settlement shall have been paid. The identical question here presented was decided by the United States Circuit Court of Appeals, Eighth Circuit, in the case of Smith v. Taggart, 30 C. C. A., 563; (87 Fed., 94), (5 Am. & Eng. Dec. Eq., 160.) That court, per Thayer, circuit judge, affirmed a decree of the circuit court directing the transmission of the assets in Colorado to appellee, domiciliary receiver. The very excellent notes by Stewart to the last citation show that the judgment is sustained by the great weight of authority. The same question was presented in the case of Maynord v. Association, 34 C. C. A., 438, (92 Fed., 435), before the United States Circuit Court of Appeals for this circuit. A decree of the circuit court for the United States, refusing a lien to Michigan stockholders, but directing the transmission of the assets to appellee, was affirmed in an opinion by Mr. Justice Taft. To the same effect, on the same question, is the decision of the court of chancery of New Jersey in the case of Irwin v. Association, 38 Atl. 680. These cases are all identical with the case at bar, and all concur in the opinion that the stockholders, such as appellants, must look to the courts of New Hampshire for an adjustment of the affairs of the corporation as between the stockholders. We must assume that the courts of the State of New Hampshire will administer the laws of that State, and will adjudge to appellants their rights as stockholders in the corporation, organized and governed by the laws of that State. There appears no error, and the judgment is affirmed.